**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| | § | **CASE NUMBER 6:18-CR-00050-JDK** |
| **v.** | § | |
| | § | |
| | § | |
| **CHRISTOPHER DEAN HERRING (5),** | § | |
| | § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On April 27, 2023, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Christopher Dean Herring. The government was represented by Alan Jackson, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams or More of Methamphetamine, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The United States Sentencing Guideline range, based on total offense level of 23 and criminal history category of II, was 60 to 63 months. On January 8, 2019, District Judge Thad Heartfield of the Eastern District of Texas sentenced Defendant to 60 months imprisonment followed by 4 years of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, drug after-care, mental health treatment, acquisition of a GED certificate, and a $100 special assessment fee. On June 28, 2022, Defendant completed his term of imprisonment and began his term of supervision.

1

Under the terms of supervised release, Defendant was required to refrain from committing another federal, state, or local crime. In Allegation 1 of its petition, the government alleges that on October 26, 2022, in Van Zandt County, Texas, Defendant committed the crimes of Manufacture Delivery of Controlled Substance PG >=4G<200G, a first-degree felony; Tampering Fabricating Physical Evidence with Intent to Impair, a third-degree felony; and Evading Arrest Detention With Vehicle, a third-degree felony.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by committing the crimes of manufacture delivery of a controlled substance, tampering fabricating physical evidence with intent to impair, and evading arrest detention with a vehicle, Defendant will have committed a Grade A violation. U.S.S.G. § 7B1.1(a). Upon finding a Grade A violation, the court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of II, the Guideline imprisonment range for a Grade A violation is 15 to 21 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in Allegation 1 of the government's petition. In exchange, the government agreed to recommend to the court a sentence of seventeen months, including 139 days of unserved residential reentry placement, with two years of supervised release to follow.

The court therefore **RECOMMENDS** that Defendant Christopher Dean Herring's plea of true be accepted and that he be sentenced to seventeen months, including 139 days of unserved residential reentry placement, with two years of supervised release to follow. The parties waived their right to objections so this matter shall be presented to the District Judge for consideration.

**So ORDERED and SIGNED this 27th day of April, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE